Citation Nr: 1114717 
Decision Date: 04/14/11 Archive Date: 04/21/11

DOCKET NO. 05-24 518A ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an initial evaluation in excess of 20 percent for post operative residuals of a right knee injury, from April 1, 2007, to April 17, 2008.

2. Entitlement to an initial evaluation in excess of 20 percent for post operative residuals of a right knee injury, since November 1, 2008.

3. Entitlement to service connection for a left knee disability, to include as secondary to service connected right knee disabilities.

4. Entitlement to waiver of recovery of an overpayment of compensation benefits in the amount of $6,404.17, to include whether the debt was validly created.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

A. Hinton, Counsel


INTRODUCTION

The Veteran served on active duty from July 1975 to July 1976.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina, and the RO in St. Petersburg, Florida, after the case was transferred there. 

In an April 2002 decision the RO granted service connection for a post operative right knee injury, and assigned an evaluation of 10 percent effective from July 6, 2000. In a May 2004 decision, the RO granted an increased, 20 percent evaluation; this was eventually made effective from April 1, 2004. Rating decisions have periodically assigned a temporary total evaluation for the right knee disability based on a need for convalescence under 38 C.F.R. § 4.30 (2010). As these periods of temporary total evaluation represent an award of the highest available evaluation possible, no open appeal with regard to the assigned evaluation for those periods is before the Board on appeal.

In a January 2004 rating decision the RO confirmed and continued a July 2003 decision denying service connection for a left knee disability, to include as secondary to the right knee. 

In a May 2004 rating decision, the RO extended a temporary total evaluation for convalescence following right knee surgery to March 1, 2004; the evaluation began effective August 15, 2003. In a July 2008 decision by a RO decision review officer (DRO), the RO determined that extension of the temporary total disability evaluation was warranted to April 1, 2004. Although the DRO indicated that this was a full grant of the benefit sought on appeal, the Veteran stated in July 2008 correspondence that he wished to continue the appeal and desired a later termination date.

The Veteran testified at a January 2009 personal hearing at the RO before a Veterans Law Judge different from the undersigned. 

In a July 2003 rating decision, the RO granted service connection for instability of the right knee, and assigned a 10 percent evaluation effective from January 24, 2003. An August 2003 rating decision confirmed and continued this evaluation. The Veteran did not submit a notice of disagreement with any aspect of either of these two decisions addressing the rating for instability of the right knee. Thus the rating for right knee instability is not on appeal.

Nevertheless, in correspondence dated in October 2003 the Veteran stated that he wished to file a "claim for increase to entitlement to service connection for right knee." That claim was treated as a claim for a temporary total evaluation for the right knee. That claim is also a claim for increase in evaluation for all service connected right knee disabilities, including the separately service-connected instability. Notably, the Veteran has repeatedly referred to the instability of his right knee. Thus, the claim for an increased disability rating in excess of 10 percent for instability of the right knee is referred to the RO for appropriate action.

Since the April 2002 rating decision granting service connection for post operative residuals of a right knee injury and assigning a 10 percent disability, effective July 6, 2000, the RO has issued several rating decisions resulting in periods of different staged ratings including periods of temporary total ratings for convalescence. In an April 2009 decision, the Board adjudicated and denied the Veteran's claim with respect to some periods and remanded the rest. 

In that decision, the Board denied the Veteran's claim with respect an increase for any period prior to April 21, 2006. That part of the Veteran's rating claim is thus no longer before the Board. In that decision the Board also remanded the part of the claim with respect to the issues on still on appeal: (1) entitlement to an initial evaluation in excess of 20 percent for post operative residuals of a right knee injury, from April 1, 2007, to April 17, 2008; and (2) entitlement to an initial evaluation in excess of 20 percent for post operative residuals of a right knee injury, since November 1, 2008. 

Notably, the Veteran is assigned a temporary total rating for convalescence during the periods from April 21, 2006 to March 31, 2007, and from April 17, 2008, to October 31, 2008. Thus these periods are not part of the appeal before the Board.

In a July 2008 decision, the Committee on Waivers at the RO denied entitlement to waiver of recovery of a debt due to overpayment of compensation to the Veteran while he was listed as a fugitive felon. The Veteran submitted a notice of disagreement, which he filed that month on a VA Form 9, Appeal to Board of Veterans' Appeals. The United States Court of Appeals for Veterans Claims (Court) has held that where a notice of disagreement has been filed with regard to an issue, and a statement of the case has not been issued, the appropriate Board action is to remand the issue to the agency f original jurisdiction for issuance of a statement of the case. Manlincon v. West, 12 Vet. App. 238 (1999). There is no indication in the claims folder that the RO has issued the Veteran such an SOC. As such, on remand, unless it has already done so, the RO must issue the Veteran an SOC addressing the issue of entitlement to waiver of recovery of an overpayment of compensation benefits. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

In correspondence received by the Board in November 2010, the Veteran requested a Travel Board hearing before the Board at the RO. To date he has not been scheduled for such a hearing, and thus this case must be remanded.

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be provided a Statement of the Case addressing the issue of entitlement to waiver of recovery of an overpayment of compensation benefits. If, and only if, the appeal is perfected by a timely filed substantive appeal, this issue should be certified to the Board.

2. The Veteran should be scheduled for a hearing before a traveling Veterans Law Judge following the usual procedures under 38 U.S.C.A. § 7107 (West 2002) and 38 C.F.R. § 20.707 (2010).

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
STEVEN D. REISS
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).